# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

25 JUN 20 PM 3:42

**GABRIEL B. ATSEPOYI,**
11289 Locust Street
Thornton, CO 80233
Plaintiff,

v. **Civil Action No.:** _____

**BRITISH AIRWAYS PLC,**
c/o CT Corporation Systems
7700 E. Arapahoe Rd., Ste. 220
Centennial, CO 80112
Defendant.

## COMPLAINT FOR DAMAGES UNDER THE MONTREAL CONVENTION

**TO THE HONORABLE COURT:**

Plaintiff Gabriel B. Atsepoyi brings this action against Defendant British Airways PLC for damages arising from the loss of luggage during international air transportation in violation of the Montreal Convention of 1999.

## I. PARTIES

1. **Plaintiff Gabriel B. Atsepoyi** is an individual residing at 11289 Locust Street, Thornton, Colorado 80233.
2. **Defendant British Airways PLC** is a foreign corporation organized and existing under the laws of the United Kingdom, with its principal place of business in London, England, and regularly conducts business in the State of Colorado and throughout the United States. Defendant may be served through its registered agent, CT Corporation Systems, located at 7700 E. Arapahoe Road, Suite 220, Centennial, CO 80112.

1

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this case arises under the Montreal Convention of 1999, which is a treaty of the United States incorporated into federal law.
4. This Court has personal jurisdiction over Defendant as British Airways regularly conducts business within this judicial district and the events giving rise to this action occurred in part within this district.
5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as Plaintiff resides in this district and a substantial part of the events giving rise to the claim occurred in this district.

## III. FACTUAL ALLEGATIONS

6. On or about April 14, 2025, Plaintiff departed from Denver International Airport, Colorado, bound for Frankfurt, Germany, with his final destination being Abuja, Nigeria.
7. Plaintiff was initially scheduled to fly on United Airlines Flight 182 under booking confirmation number N4GNGQ.
8. United Airlines transferred Plaintiff to Lufthansa Airlines and British Airways to complete the trip on April 14, 2025.
9. At departure, Plaintiff checked in four (4) pieces of luggage with the airlines for transport to his final destination in Abuja, Nigeria.
10. Upon arrival in Abuja, Nigeria on April 15, 2025, one piece of Plaintiff's luggage was missing and could not be located.
11. A British Airways representative in Abuja filled out a form acknowledging the loss of Plaintiff's luggage, which form is attached hereto as Exhibit A.
12. The British Airways representative advised Plaintiff to file for compensation, which Plaintiff promptly did.
13. From April 15, 2025, through the present date of June 6, 2025, British Airways customer relations has refused to comply with the law governing international flights, specifically Articles 17 and 22 of the Montreal Convention of 1999.
14. The Montreal Convention requires that passengers be compensated for lost luggage in a timely manner without unreasonable delay.
15. Plaintiff has exhausted all reasonable avenues of communication and negotiation with British Airways from April 15, 2025, through June 6, 2025, without success in obtaining compensation.
16. On May 20, 2025, and May 23, 2025, Plaintiff submitted receipts documenting his clothes, shoes, and other personal items lost by British Airways.
17. Plaintiff complied with all reasonable requests from British Airways in accordance with the Montreal Convention of 1999.
18. On May 31, 2025, British Airways contacted Plaintiff stating it would close the case without providing compensation.

19. Plaintiff made additional attempts on May 31, 2025, and June 5, 2025, requesting either the return of his lost luggage or compensation in accordance with Articles 17 and 22 of the Montreal Convention.
20. Plaintiff specifically requested compensation of 1,920 Euros (or the equivalent in U.S. dollars) in accordance with the Montreal Convention limits, but British Airways has refused to provide any compensation.
21. Despite Plaintiff's good faith efforts to resolve this matter, British Airways has unreasonably delayed and refused to provide compensation as required by international law.

# IV. CAUSES OF ACTION

## COUNT I: VIOLATION OF THE MONTREAL CONVENTION OF 1999

22. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.
23. The Montreal Convention of 1999 governs the liability of air carriers for damage to or loss of checked baggage during international air transportation.
24. Article 17(2) of the Montreal Convention provides that air carriers are liable for damage sustained in case of destruction, loss, or damage to checked baggage.
25. Article 22(2) of the Montreal Convention establishes liability limits for baggage damage, currently set at 1,288 Special Drawing Rights (approximately 1,920 Euros or equivalent in U.S. dollars).
26. British Airways, as the operating air carrier, is strictly liable under the Montreal Convention for the loss of Plaintiff's checked luggage.
27. British Airways has breached its obligations under the Montreal Convention by failing to provide timely compensation for Plaintiff's lost luggage.
28. As a direct and proximate result of British Airways' violation of the Montreal Convention, Plaintiff has suffered damages in the amount of 1,920 Euros (or equivalent in U.S. dollars).

# V. DAMAGES

29. As a direct and proximate result of Defendant's actions and omissions, Plaintiff has sustained the following damages: a. **Lost luggage compensation:** 1,920 Euros or equivalent in U.S. dollars; b. **Transportation costs:** $350.00 for travel to and from court, as Plaintiff resides over one hundred miles from the courthouse; c. **Research and case preparation time:** $5,000.00 for approximately twelve hours of research time in prosecuting this case; d. **Court costs and filing fees:** As allowed by law; and e. **Such other relief as this Court deems just and proper.**

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **Enter judgment** in favor of Plaintiff and against Defendant British Airways PLC;
2. **Award compensatory damages** in the amount of 1,920 Euros or the equivalent in U.S. dollars;
3. **Award additional damages** in the amount of $5,350.00 for transportation costs and research time;
4. **Award court costs and filing fees** as provided by law;
5. **Award pre- and post-judgment interest** as provided by law;
6. **Grant such other and further relief** as this Court deems just and proper.

## VII. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable as of right under the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38.

**Respectfully submitted,**

Gabriel B. Atsepoyi, Pro Se
11289 Locust Street
Thornton, CO 80233
Phone: (720) 938-3018
Email: prince.gabriell@gmail.com

## VERIFICATION

I, Gabriel B. Atsepoyi, verify that I am the Plaintiff in the above-entitled action; that I have read the foregoing Complaint and know the contents thereof; and that the same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters I believe it to be true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _____ day of _____, 2025, at Thornton, Colorado.

Gabriel B. Atsepoyi