FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

25 JUL 31 PM 3:02

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Case Number 25 cv 1940 – GPG

Gabriel B. Atsepoyi (Plaintiff)

v.

British Airways

## MOTION TO DISMISS WITH PREJUDICE

Plaintiff, *pro se,* moves for this case to be dismissed with prejudice because the parties have reached an agreement to compensate the plaintiff. Justice delayed is justice denied. For this reason, the Plaintiff wishes to move on. The evidence submitted shows what is going on with the airlines today. The facts speak for itself. Again, Plaintiff moves for this case to be dismissed with prejudice.

Respectfully submitted 7/31/2025 by Gabriel B. Atsepoyi

**Certificate of Mailing**

Copy sent via email to British Airways via globalcustomerrelations@ba.com, today 7/31/2025 by Gabriel B Atsepoyi

# Your response from British Airways
Inbox



**Global Customer Relations**  Fri, Jul 25, 2:26 PM (6 days ago)

to prince.gabriell@gmail.com

Dear Mr. Atsepoyi
I'm sorry we were not able to connect on the phone. To introduce myself, my name is Wendy Epperson, and I work in Customer Relations for British Airways.
I want to first apologize that your bag was lost. I'm sorry it has taken so long for this matter to be resolved. As you stated in your claim, baggage claims do fall under the rules of the Montreal Convention; however, there is limited liability, and this is based on proof of loss.
When you contacted us previously, you indicated that your loss was in the amount of $1,590. Our Customer Relations team asked repeatedly for you to send a list of items that you were claiming, but as of this date, no list of items or receipts has been provided by you.
I am willing to settle with you for the original amount you claimed, $1,590, as a courtesy without receipts. This would be payable upon receipt of a General Release.
If you would like to accept this offer, please reply to this email stating so, and I will send you a General Release document.
If you have any questions, feel free to reach out to me on 786 543 9058.
Best regards,
Wendy Epperson

## Re: Your response from British Airways/General Release



**Prince Gabriel <princegabriell@gmail.com>**　　　　　　　　　Tue, Jul 29, 9:20 AM (2 days ago)

to Global

Hello Wendy Epperson,
When can you arrive at an acceptable amount and get me the general release agreement to close the case this week? I forwarded copies of receipts already sent to British airlines months ago. Could you please respond with a better offer today. I'm traveling overseas in a few days.
Thank you.
Gabriel Atsepoyi phone 720 938 3018


On Fri, Jul 25, 2025, 2:26 PM Global Customer Relations <globalcustomerrelations@ba.com> wrote:

## Your response from British Airways
Inbox



**Global Customer Relations**

Wed, Jul 30, 8:06 AM (1 day ago)

to prince.gabriell@gmail.com

Dear Mr. Atsepoyi
Thank you for your response to my email. I want to again express my sincere apologies for the loss and damage to your belongings—this is understandably a difficult situation.
As previously mentioned, baggage claims are governed by the rules of the Montreal Convention, which limits liability. To qualify for reimbursement up to that limit, valid receipts for all lost items must be provided as proof.
Upon reviewing the receipts you submitted, some items—such as ice cream, frozen French fries, and a lawnmower—could not have reasonably been in your checked luggage. Additionally, your original claim listed losses of clothing and shoes, but did not include a laptop or solar lights, which appear on the receipts you provided.
In light of this, I will up our offer to $1,800 as a settlement amount, payable upon receipt of a signed General Release. If you wish to accept this offer, I will promptly send you the necessary Release document.
Should you decide not to accept this generous offer, please be advised that we will submit the receipts you provided to the court to support our position, and British Airways will respect the court's decision regarding your claim.
Please let me know your decision at your earliest convenience.
Best regards,
Wendy Epperson